For plaintiff: Arthur J. Levy.

For defendant: Cooney & Kiernan, W. W. Blodgett.

Antonio Moniz
vs. } Eq. No. 10540.
Emily Moniz

June 16, 1931.

BLODGETT, P. J. Heard upon bill, answer and cross-bill and proof.

This bill of complaint is brought by the son against his mother. Complainant held two parcels of real estate on the 12th day of June, 1926, by deeds from Abraham Davis and wife, dated February 24, 1926 (Complt's Ex. B.), and from Asadoor Tatewosian and others, dated January 17, 1922 (Complt's Ex. A.). June 12, 1926, complainant deeded to respondent the premises described (Complt's Ex. C.). This deed was drawn up by one George A. Sheltra, a real estate broker, and was duly recorded. In April, 1927, said Sheltra drew up a deed of the same premises conveying same from respondent to complainant (Complt's Ex. D.). This deed was never executed.

Complainant alleges that this deed was made to his mother in contemplation of his marriage and that his mother, being uncertain what kind of a wife said complainant's intended would prove to be, advised complainant to make this deed to her and then and there promised complainant to reconvey said property, same to remain unrecorded until such time as complainant became satisfied that said intended wife was faithful and industrious.

Complainant, on December 11, 1926, married and the respondent lived with her son and his bride for three months

after the marriage, at which time she left and has lived alone since. Complainant alleges that Sheltra—and this is confirmed by Sheltra—at the time he (complainant) executed the deed to his mother, drew up a deed from respondent to complainant which was executed by respondent; that this deed, kept in his trunk, was extracted by his mother and burned, and that she has refused to execute the deed drawn by Sheltra in April, 1927.

It is admitted that complainant has at all times executed dominion over the property, collected all the rents, paid for all repairs, and paid the interest on the mortgages and the taxes.

Respondent claims that all the money she earned has gone into the purchase and care of said property and that she is entitled to an undivided one-half of same, and that this was the understanding at the time the property was purchased.

In her cross-bill respondent prays for a partition of said property, alleging that she is the owner in fee of an undivided one-half of the same.

If she is the bona fide owner of the entire fee in said property, it is difficult for the Court to understand her claim to be the owner of an undivided one-half. It would seem to be an acknowledgment on her part that she does not in reality own the property.

The Court believes that at the time her son conveyed the property to her, she did reconvey the same to her son and delivered the deed to him. The property was conveyed without consideration and between the parties to same the son still held the title.

A decree may be entered that the respondent may be ordered to convey the property to complainant.

For complainant: Joseph Veneziale, W. C. H. Brand.

For respondent: George J. West.